# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

PAMELA ANN WILLIAMS                                                PLAINTIFF

V.                    NO. 3:18CV00251 JM-JTR

ANDREW SAUL,
Commissioner of Social Security Administration[1]          DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Pamela Ann Williams ("Williams"), applied for disability benefits on March 20, 2014, alleging disability beginning on November 11, 2010. (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 21). The Appeals Council denied Williams's request for review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

(Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Williams has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

The ALJ found that Williams had not engaged in substantial gainful activity during the period from her alleged onset date of November 11, 2010 through her date last insured of September 30, 2015. (Tr. at 17). At Step Two, the ALJ found that Williams has the following severe impairments: spine disorder and asthma. *Id.*

After finding that Williams's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Williams had the residual functional capacity ("RFC") to perform the full range of light work, except that she could only occasionally stoop and crouch. *Id*.

The ALJ found that, based on her RFC and the Vocational Expert testimony, Williams was able to perform her past work of school secretary, customer complaint service supervisor, and bookkeeper, as *generally* performed.[2] (Tr. at 21). Thus, the

---

[2] While Williams actually performed her past work at the medium exertional level, a claimant may be found able to perform past relevant work if she retains the RFC to perform the "functional demands and job duties of the occupation as *generally* required by employers throughout the national economy." *See Martin v. Sullivan,* 901 F.2d 650, 653 (8th Cir. 1990). Williams did not contest this distinction in her brief, so any argument with respect to Step Four is deemed waived.

ALJ found that Williams was not disabled. *Id*.

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Williams's Arguments on Appeal

Williams contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ should have considered hearing loss to be a severe impairment, that he should have considered evidence of spinal surgery from after the date last insured, and that he did not effectively analyze Williams's subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Williams cites to no medical evidence related to hearing loss, and she did not allege hearing loss in her disability application, which undermines her claim that she is disabled. (Tr. at 298); *see Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(claimant did not alleged mental impairment on application for benefits). Williams maintained on a function report update that she had some loss of hearing in the right ear, but there is no medical evidence to support that. (Tr. at 330). This Step Two argument fails.

Williams date last insured was September 30, 2015. (Tr. at 15). Pursuant to the Social Security Act, she had to prove she was disabled on or before that date. (Tr. at 15); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). Williams certainly had back problems that caused pain, including scoliosis, stenosis, hypertrophy, and degeneration. (Tr. at 511, 524, 549, 610-612). But she said pain medication

improved her symptoms, and she was encouraged to exercise. (Tr. at 500, 549, 565, 674). Williams submitted records from 2016 and later detailing a back fusion surgery. (Tr. at 721-733). The ALJ did not consider or discuss these findings in his decision, because they post-dated the relevant time-period. Additionally, Williams improved after surgery. After the surgery, Williams was "doing great clinically" with improved strength and postural awareness. (Tr. at 721-723). Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Williams's pain had improved, and she had negative straight-leg raises and normal gait and station. (Tr. at 729-733). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In 2017, Williams said her back "didn't really bother her that much." (Tr. at 706). The records from 2016 and later do not support a finding that Williams was disabled prior to the date last insured.

Finally, Williams argues that the ALJ did not properly consider her subjective complaints. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying

5

analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

The ALJ inquired about Williams's daily activities at the hearing. (Tr. at 41, 52-53). She said she could do some chores, go outside, drive, and go to church. *Id.* Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ also discussed Williams's levels of pain and response to pain medications. (Tr. at 19-20). He noted a gap in treatment and a lack of treating physician opinions. (Tr. at 20). He also analyzed the reviewing physicians' opinions. *Id*. He properly considered Williams's subjective complaints.

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision that Williams was not disabled. The ALJ did not err at Step Two, and he properly considered all of the evidence and Williams's subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 16th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE